MARK P. VELEZ, ESQ. (SBN 163484)
NATALYA V. GRUNWALD, ESQ. (SBN265084)
**THE VELEZ LAW FIRM, PC**
3010 Lava Ridge Court, Suite 120
Roseville, California 95661
Telephone: (916) 774 – 2720
Facsimile: (916) 774 – 2730
velezlaw@live.com

Attorney for Plaintiff BRANDY OLMSTED

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY OLMSTED,<br><br>        Plaintiff,<br><br>vs.<br><br>FOUNDATION PARTNERS GROUP, LLC A Delaware Corporation;  ANDY LOPEZ, An Individual, inclusive,<br><br>        Defendants.<br><br>_____ | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1.  Sex and Gender Discrimination;violation of Gov. Code §12940 et. Seq.;**<br><br>**2.  Sexual Harassment/Hostile Work Environment;violation of Gov.Code §12940;**<br><br>**3.  Assault and Battery violation of California Civil Code Section 1708.5;**<br><br>**4.  Retaliation in violation of Gov. Code §§12926 et seq., 2926(k)(4);12926(k)(j);**<br><br>**5.  Failure to Prevent, Harassment, Retaliation and Discrimination; violation of Gov. Code §12940(k);**<br><br>**6.  Negligent Supervision and Retention of Unfit Employee.**<br><br>**JURY TRIAL DEMANDED** |

**THE VELEZ
LAW FIRM, PC
Attorneys at Law**
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
1

## STATEMENT OF JURISDICTION AND VENUE

Plaintiff BRANDY OLMSTED ("OLMSTED" and/or "Plaintiff"), complains against Defendants, and each of them, demands a trial by jury of all issues and for all causes of action, and hereby alleges, based upon information and belief, the following:

Plaintiff BRANDY OLMSTED is a resident of Chico, Butte County, in the State of California and a former  employee of Defendants FOUNDATION PARTNERS GROUP, LLC A Delaware Corporation (referred to as "Defendants FPG") Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because  a substantial part of the events giving rise to the claims occurred in this district, and under diversity jurisdiction with the required amount in controversy.   28 U.S.C.§ 1332.

## PARTIES AND JURISDICTION

1.  Plaintiff, BRANDY OLMSTED , at all times was at all times relevant hereto, a resident of the State of California, and she did work for EMPLOYER DEFENDANTS, and each of them, in Butte County, California. Plaintiff BRANDY OLMSTED references that the acts which caused her harm occurred in Chico, Butte County, in the State of California.

2.  Plaintiff, BRANDY OLMSTED, at all times was at all times relevant hereto, a resident of the State of California, and resides in Chico, Butte County, California.

3.  At all relevant times herein, Defendants FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation ("Defendants FPG ") is, and was, a business entity of unknown form, doing business in the County of Butte, State of California, and qualified as an "Employer".

4.  Defendant FOUNDATION PARTNERS GROUP, LLC A Delaware Corporation operates funeral homes in Butte County.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
2

5. For ease of reference, Defendants FOUNDATION PARTNERS GROUP, LLC A Delaware Corporation ("Defendants FPG"), and various unknown business entities, are sometimes collectively referred to herein as the "EMPLOYER DEFENDANTS" in the body of the complaint.

6. Defendants FPG is, and was, a business entity doing business in the County of Butte State of California, and qualified as an "Employer".

7. Defendants FPG are in the business of providing funeral, cemetery and cremation services, funeral homes, providing end of life transition services with operations throughout the State of California, and qualified as an "Employer".  Defendant was, at all times herein relevant, Plaintiff's "Employer" as that term is defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d). Defendant FPG, had actual and constructive notice of the wrongful conduct, discrimination, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct. Defendants were, at all times herein relevant, Plaintiff's "Employer" as that term is defined under the Fair Employment and Housing Act ("FEHA") at Government Code § 12926(d). Defendants FPG, had actual and constructive notice of the wrongful conduct, discrimination, and retaliation perpetrated upon Plaintiff, set forth below, had both the authority and the duty to prevent and correct the same, failed to take reasonable action to prevent and correct the same and, by their conduct, condoned, supported and ratified such wrongful conduct.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8. Defendant ANDY LOPEZ (hereinafter "Defendant LOPEZ"), at all times herein relevant was a supervisor, manager and Defendants Area 1 Sales Director for Defendants FPG, and managing agent for Defendant FPG.

**GENERAL ALLEGATIONS**

9. At all times herein relevant, Defendants owed Plaintiff a duty to take all reasonable action to provide Plaintiff with a workplace free from unlawful discrimination, harassment and retaliation, and to take all reasonable action to prevent and correct discrimination, harassment, and retaliation in the workplace. Specifically, Defendants owed Plaintiff a duty: (1) to promulgate, in an effective way, policies, practices and guidelines regarding employment discrimination, harassment and retaliation; (2) to provide effective and adequate training to managers, supervisors and employees regarding employment discrimination, harassment and retaliation, how to take effective, timely and reasonable action to prevent employment discrimination, harassment and retaliation and, particularly, how to handle, in a reasonable, prompt and effective manner, complaints and noticed situations raising issues of employment discrimination, harassment and retaliation; (3) to provide realistic assurance to employees that defendants were serious about enforcing such policies against discrimination, harassment and retaliation; (4) to protect from retaliation employees who made or supported discrimination, harassment or retaliation complaints; (5) to conduct, in response to a complaint or actual or constructive notice of discrimination, harassment and retaliation, a good faith, reasonable, fair and prompt investigation of such complaint or in response to such notice; (6) to bring such investigation to a conclusion in a timely manner; (7) to take prompt and effective remedial action, where appropriate, to

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

prevent and correct discrimination, harassment and retaliation; (8) to maintain reasonably thorough and adequate records regarding discrimination, harassment and retaliation complaints, investigations, conclusions and remedial action; and (9) to avoid engaging in and promoting actions which have the intended purpose and foreseeable effect of silencing and quashing the voices of discrimination, harassment or retaliation complainants and others who support or have supported discrimination, harassment or retaliation complaints.

10. Defendants, and each of them, breached the above-mentioned duties in that, at all times herein relevant, Defendants acted in a manner which they knew, should have known, and did not care to know, condoned and supported discrimination, harassment and retaliation in the workplace.  Defendants failed and refused to take reasonable action to publish and promulgate, in an effective manner, policies, practices and guidelines regarding discrimination, harassment and retaliation.  Defendants failed and refused to take reasonable action to provide adequate and effective training to managers, supervisors and employees regarding discrimination, harassment and retaliation, failed to effectively train managers, supervisors and employees regarding how to prevent employment discrimination, harassment and retaliation, and failed to adequately train managers, supervisors and employees in how to reasonably, promptly and effectively handle complaints and notice situations raising issues of employment, discrimination, harassment and retaliation. Defendants responded to actual and constructive notice of and complaints regarding discrimination harassment and retaliation in a manner calculated to defendant and delay, rather than fairly and timely investigate situations noticed and complaints regarding discrimination, harassment and retaliation, with the intended purpose and foreseeable effect

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
5

of supporting management at all costs, condoning and supporting discrimination, harassment and retaliation. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

11. At all times herein mentioned, each of the defendants was the actual and apparent agent, servant and employee of each of the remaining defendants and in doing the things herein after alleged were acting within the course and scope of their actual and apparent agency and employment and with the knowledge, notification, consent and subsequent ratification of each of the other defendants. Defendants engaged in the above acts and omissions knowingly and as a matter of general business practice, without regard to the rights of employees, including Plaintiff.

## **FACTUAL ALLEGATIONS**

12. Plaintiff BRANDY OLMSTED is a 33 year old female who worked for Defendants FPG as a Family Services Advisor in Defendants funeral homes and cemeteries business in Chico, California.  Plaintiff worked in that capacity from approximately November 2020 to August 6, 2021.

13. As part of Plaintiff's job duties she was under the FPG reporting jurisdiction to Defendant ANDY LOPEZ, who at FPG held the title of Area Sales Director for Area 1.

14. Plaintiff BRANDY OLMSTED's reporting structure included reporting to Location Leader, Janice Brusie and manager Michelle Crandall.  Plaintiff had a work stations at FPG's Chico Cemetery, Glen Oaks Memorial Park and the Brusie Funeral Homes.   There, Plaintiff's job description included assisting end of life clients in purchasing FPG products and

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
6

services.  Her compensation was hourly and commission sales.  The Chico FPG sales group was overseen by the Area 1 Sales Director, Defendant Andy Lopez.

15. In about February 9, 2021 Defendant Andy Lopez arrived in California to meet with various FPG funeral homes including the Brusie Funeral Homes.  Defendant Lopez performed various site visits.  Following a site visit at the Bruise FPG's funeral home, a work related dinner was held at the Red Tavern Restaurant in Chico, California.  In attendance were Plaintiff BRANDY OLMSTED, a co-worker Jessica Martin, Marc and Janice Brusie, Christina Clerici, Paul Nelson and other FPG employees.   Defendant LOPEZ informed the dinner attendees that he was praise worthy of their sales objectives.  LOPEZ expensed the dinner on the FPG credit card.

16. The dinner hosted by LOPEZ on behalf of Defendants FPG, was the last stop in LOPEZ' business trip to California and followed a business stop at FPG's Oak Hill Memorial Park, located is San Jose.  LOPEZ expected all Chico FPG commission sales representatives which included to attend the Chico dinner.  There was no question in Plaintiff's mind that attendance was mandatory.  This was a work-related event where FPG business was discussed.

17. Defendant LOPEZ continuously served Plaintiff BRANDY OLMSTED with alcohol.  As the evening went on Plaintiff increasingly felt the effects of the alcohol.  Plaintiff alleges on information and belief that Defendant LOPEZ may have drugged her.  Plaintiff BRANDY OLMSTED  has no recollection of leaving the dinner.  She was passed out at the hotel room.  She could not fight LOPEZ off her in the hotel room.  She could not lift any of her

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

extremities.  Additionally, Plaintiff would never had consented to a cell phone sex video tape which was taken by Defendant LOPEZ and later discovered by Plaintiff.

18. BRANDY OLMSTED could not later recall the events until about 3:30 a.m., in the early morning of February 13, 2021.  She experienced disorientation and could not recall any aspect of the night in Defendant LOPEZ' hotel room.

19. At approximately 3:30 a.m., on Saturday February 13, 2021, Plaintiff BRANDY OLMSTED was awakened to pressure on her breasts.  When she opened her eyes she was laying on her back on a bed and she felt and observed Defendant LOPEZ biting and aggressively fondling her breasts.  Her top was off and her underwear was on in an usual way.  She immediately pushed LOPEZ off her and demanded to leave.  She next looked at her cell phone to determine the time. Defendant LOPEZ walked over to Plaintiff from behind and said, "I have been waiting to do this to you for a long time." Plaintiff demanded to be taken home.  As she was leaving Plaintiff observed that the Diamond Hotel room in Chico had a specific green carpet pattern.  Plaintiff felt vaginal pain afterwards which led her to conclude that Lopez had sexual intercourse with her during the assault.

20. Defendant LOPEZ stopped the sexual assault and drove Plaintiff to her residence where her fiancé was waiting outside their home.  Plaintiff's fiancé had been calling and texting Plaintiff all evening.

21. When she arrived home at 4:00 a.m. on February 13, 2021 Plaintiff fiancé was present and expressed his concerns.  Plaintiff's fiancé and plaintiff's girlfriends  had texted her all night. She did not report the incident to her fiancé and felt ashamed and humiliated.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

22. The following Monday, February 15, 2021, Defendant LOPEZ texted Plaintiff who was at FPG's Chico Cemetery location informing her that his flight had been cancelled due to weather and that he needed to meet with her.  Defendant LOPEZ is a senior member of Defendants FPG's management team and plaintiff did not want to jeopardize her job.  Plaintiff reluctantly complied.  In Defendant LOPEZ' vehicle, LOPEZ stated to Plaintiff if she reported anything about the weekend encounter he would deny it and no one would believe her.  Defendant LOPEZ threatened Plaintiff's job.

23. Next, on Wednesday, February 17, 2021 Defendant LOPEZ contacted BRANDY OLMSTED and asked her to meet him at the Diamond Hotel and assist him in selling the hotel owner Wayne Cook FPG services,  as he was a good lead to sell.  LOPEZ further informed Plaintiff that he wanted to sell the hotel owner with funeral planning services.  Plaintiff was reluctant and feared losing her job so she complied and went to the Diamond Hotel.  The hotel was located within Plaintiff's sales geographic area.

24. LOPEZ instructed Plaintiff to go to his room for the meeting sales meeting which was about to occur with Mr. Cook.    Plaintiff went to the hotel around 3:00 p.m. believing she was going to meet LOPEZ together with Wayne Cook.  When Plaintiff arrived at the room only LOPEZ was present.  LOPEZ closed the door and began an attempt unbutton Plaintiff's blouse.  LOPEZ next leaned in tried to forcefully kiss her but she pushed him off.  Then LOPEZ received a call from the front desk indicating that Mr. Cook was downstairs ready for the meeting.  Plaintiff then left the room, went downstairs and saw Mr. Cook.  LOPEZ then tried to sell Cook FPG services.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

25. Next, in about May 5, 2021 Defendant LOPEZ arrived at Chico, California, and met with the FPG Chico Management for dinner at La Salle restaurant in Chico.  This was another work-related event with the Chico sales staff.  This meeting was referenced as the Mother's Day Funeral sales meeting.  Plaintiff arrived as the group proceeded to go to the University Bar in Chico.  While the group went to the bar to order drinks, Plaintiff and LOPEZ remained alone at the table.  LOPEZ leaned into Plaintiff BRANDY OLMSTED and said, "here look, I have something to show you."  LOPEZ then placed his cell phone near Plaintiff's face and showed a cell phone video clip of Plaintiff laying unconscious, motionless on her stomach with Lopez placing his hand on her back.  Plaintiff recognized herself due to seeing her scar on her buttocks.  Plaintiff only watched about 10 seconds and turned away in disgust.  LOPEZ informed Plaintiff that if anyone such as his wife tried to open the cryptic video on his phone it would delete automatically after two attempts. Plaintiff pulled away and sat at the far end of the table away from Andy.

26. Also, during the FPG's Chico Mother's Day sales rush meeting, Defendant LOPEZ met with Paul Nelson, FPG's Regional Operation Market Manager.  Over the company dinner at a Chico restaurant with the Operations Market Manager, LOPEZ informed Paul Nelson he wanted to show him a video.  LOPEZ then stated, "Bros before Hoes," and showed Nelson a video from his phone which depicted LOPEZ violating BRANDY OLMSTED with his fingers in her vagina while LOPEZ was masturbating.  Plaintiff BRANDY OLMSTED was naked, motionless and on her stomach.  She was clearly incapacitated.

27. Thereafter, on June 1, 2021 the Operations Market Manager Paul Nelson reported the incident to FPG's Area VP of Operations, Benjamin Farnstrom. The next day, June 2, 2021,

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

Operations Market Manager Nelson sent a detailed 4 page email to FPG's Director of Human Resources, Julie Judge setting forth the events of February 12th as a percipient witness to LOPEZ with Plaintiff drinking alcohol.  He described in further detail the events of May 8, 2021 where LOPEZ had shown him the cell phone sex video of LOPEZ and BRANDY OLMSTED who was motionless and naked as sex acts being performed on Plaintiff.

28. It was clear that as of June 1st and June 2, 2021 Defendants FPG had evidence and proof that a severe sexual harassment of Plaintiff BRANDY OLMSTED had transpired and their Area 1 Sales Director, LOPEZ was circulating a sex tape cell phone video of Plaintiff BRANDY OLMSTED within the company's work environment.  Defendant FPG next interviewed Defendant LOPEZ, who denied the encounter.  Plaintiff alleges on information and belief that Ms. Judge did not obtain a declaration from LOPEZ averring under penalty that nothing happened. Defendant FPG then terminated the employment of Operations Market Manager,  Paul Nelson.  It was clear that FPG had evidence of the documented sexual assault.

29. Thereafter, in June 2021 Plaintiff received a call from FPG Director of Human Resources Julie Judge.  Ms. Judge asked Plaintiff about her views on her managers.  The questions centered around plaintiff's work relationship with her managers.  Ms. Judge asked plaintiff about February 12th and if she had drinks with Andy.  Plaintiff, mindful of Andy's work threat and fearful of getting fired, responded to Ms. Judge that nothing happened and she got a ride home with Andy.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
11

30. At no time in that discussion did Julie Judge inform Plaintiff about the sex tape video of her and LOPEZ.

31. Next, in about the third week in June, 2021 Plaintiff received a message from FPG manager Janice Brusie to have a phone meeting with Julie Judge.  In the phone meeting, Ms. Judge asked Plaintiff if there was any sexual activity between her and Andy.  Plaintiff requested to know why was she being asked these questions and Ms. Judge responded that Paul Nelson, the Operations Market Manager was stating that Andy had verbalized she and Andy had sex.  Ms. Judge further responded that Andy had informed Paul, the Operations Manager, that he had had sex with her.  Plaintiff asked Ms. Judge for the documentation but Ms. Judge said no. At no time in that discussion did Ms. Judge inform Plaintiff BRANDY OLMSTED of the sex tape video which had been circulated by LOPEZ to other male FPG managers.

32. By this time, FPG through its Director of HR, Ms. Judge, had sufficient evidence of the sex video and the horrible effects of Plaintiff BRANDY OLMSTED being subjected to a hostile work environment by the dissemination of sex tape of her and LOPEZ.   Julie Judge was misrepresenting material facts to Plaintiff BRANDY OLMSTED, all to plaintiff's detriment.  This misrepresentation served to fuel Plaintiff's hostile work environment.

33. Plaintiff next learned that Defendant LOPEZ had been showing his pornographic sex tape phone video of Plaintiff in his hotel room to others in the company.  Plaintiff received the Operations Market Manager's four (4) page detailed email complaint to Julie Judge, evidence that a cell phone sex tape video was being circulated within FPG's male managers.  Plaintiff now was aware that Julie Judge had intentionally misrepresented the facts to her.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

Plaintiff was incensed and appalled that a sex tape video of her has being circulated by FPG's Area 1 Sales Director, a person at the top of Plaintiff's management reporting structure.

34. Next, on about July 21, 2021, Julie Judge and the company's counsel tried to pressure Plaintiff into signing a declaration under penalty that nothing of a sexual manner had transpired on February 12, 13th with Andy Lopez. The declaration authored by FPG's counsel stated that Plaintiff did not go to a hotel room with LOPEZ on the night of February 12 or 13th, 2021. It further stated read that Andy who drove her home did not engage in or direct any non-consensual conduct of any kind towards me that night, or ever. This conduct on Defendant FPG's part was FEHA Retaliation towards Plaintiff. FPG attempted to avoid liability by misrepresenting the facts to Plaintiff and force her to sign a liability denial declaration was retaliatory, all to the detriment of Plaintiff's employment rights. Plaintiff BRANDY OLMSTED informed Judge and her counsel that we would not sign their declaration which had been emailed directly to plaintiff. Plaintiff was next threatened and intimidated by FPG Julie Judge and FPG's counsel who told Plaintiff that if she did not sign, she would need to be in court in a court action. This court action threat was subsequently made again.

35. In the afternoon of July 27, 2021 Plaintiff filed a police report with the Chico Police Department alleging a non-consensual sex crime against Andy Lopez.

36. Plaintiff BRANDY OLMSTED was in a hostile work environment over the sexual harassment and sexual assault perpetrated by LOPEZ and due to the intentional misrepresentation of the facts to Plaintiff by Julie Judge. This conduct on the part of FPG

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
13

and its Director of Human Resources together with their attempts to force and intimidate Plaintiff into signing a declaration under penalty that nothing had transpired between her and LOPEZ was a form of FEHA Retaliation.

37. Thereafter, in about July 27, 2021 BRANDY OLMSTED informed her manager Michelle Crandall that Andy Lopez had assaulted her and that he had non-consensual sex with her. Michelle told Plaintiff that they needed to call Julie Judge. Ms. Judge came on the speaker phone and Plaintiff informed her that Andy Lopez had non-consensual sex with her. Plaintiff also stated that she learned that LOPEZ had been showing a cell phone sex tape video of her to other male FPG managers. Plaintiff then confronted Judge on why Judge had only told her that LOPEZ was only verbalizing that he had sex with her. Plaintiff asked Judge why she had not revealed the sex video to her. Ms. Judge remained silent.

38. Thereafter, in about August 6, 2021 Plaintiff became constructively discharged from her employment. Plaintiff wrote a note to Defendants FPG stating that she had been sexually assaulted by Andy Lopez and that after the incident Julie Judge had stated to her that Andy Lopez only verbalized to another male employee of him having sex with her. Plaintiff further indicated that she subsequently learned about a sex video of her and Lopez circulating. Further, Plaintiff detailed that she came forward and informed her manager Michelle Crandall and Julie Judge that Andy Lopez had non-consensual sex with her at a work event. Plaintiff closed her note by indicating that she was in a very unhealthy work environment for her to continue working at FPG.

39. Defendants FPG had advanced knowledge of ANDY LOPEZ' unfitness as an Area Sales Market Leader and dismissed it and continued to employ him all to the detriment of Plaintiff

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
14

and other female employees.   On about May 9, 2021 following LOPEZ showing Operations Manager, Paul Nelson the cell phone video sex tape, Nelson informed FPG's Oregon Market Leader Joe Sharps the details of what LOPEZ had done and shown him.   Market Leader Joe Sharps informed Paul Nelson that for some time now, he had observed similar conduct, on the part of LOPEZ.   According to Sharps, LOPEZ would hold FPG restaurant dinners and pub drinking events with FPG employees within the Oregon region.   Sharps further detailed that LOPEZ would interact during the dinners with a certain young 21 year old FPG employee where they would both exhibited flirting behavior.   Mr. Sharps noticed LOPEZ and the female often left together and he believed that they went back to LOPEZ' hotel room.   This observation and revelation was in violation of FPG's policies and due to Sharp's high level position was imputed Notice on Defendant FPG.   FPG's Market Leader Sharps stated to Nelson that Andy was "bad news" and was acting inappropriate with the young female employee.   Sharps expressed similar concerns to the BRANDY OLMSTED event to the Paul Nelson, FPG Operations Market Manager.

40. Additionally, and before June 1, 2021, VP of Operations Benjamin Farnstrom directed Paul Nelson to stop interacting with LOPEZ when he wanted to take the sales team out for dinner and drinks.   Farnstrom expressed a concern to Paul Nelson that he believed Andy had been carrying on an affair with young FPG female employee.   Joe Sharps was in agreement over Andy's inappropriate workplace sexual behavior and told Nelson that he did not want to be around Andy due to Andy's behavior with the company's young female FPG employee(s).

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

41. Within the time provided by law, Plaintiff BRANDY OLMSTED has filed a complaint with the California Department of Fair Employment and Housing, in full compliance with the FEHA, and has obtained a "Right to Sue" letter

**FIRST CAUSE OF ACTION**
**SEX AND GENDER DISCRIMINATION**
**(Against Defendants FPG)**

42. Plaintiff incorporates by reference the allegations set forth above and below.

43. Defendants FPG are employers governed by Government Code §12900, et seq.  Defendants' sex and gender discrimination was a violation of California Government Code §12940.

44. Plaintiff has been damaged as alleged above as a legal result of these Defendants' sex and gender discrimination.

45. Despite of their knowledge of the foregoing including the cell phone video sex tape circulating within Plaintiff's work environment, these Defendants took adverse actions against Plaintiff, including misrepresenting of facts and demanding the signing to an intimidating and false declaration; and,  causing her constructive termination because of her sex, and/or gender.

46. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California Fair Employment and Housing Act.

47. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

48. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

49. The above-described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

50. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

51. WHEREFORE, Plaintiff requests relief as hereafter provided.

<u>**SECOND CAUSE OF ACTION**</u>
**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**(Against All Defendants)**

52. Plaintiff incorporates by reference the allegations set forth above and below.

53. Defendants FPG are employers governed by Government Code §12900, et seq.  Defendants' Sexual Harassment/Hostile Work Environment was a violation of California Government Code §12940.  Defendants, and each of them, have breached their statutory and self-

**THE VELEZ
LAW FIRM, PC**
**Attorneys at Law**
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
17

imposed duties owed to plaintiff under defendants' representations, policies and procedures, and under California law, including Section 12940 (a), et seq., of the California Government Code.

54. At all times herein relevant, Defendant ANDY LOPEZ was a high-level manager over Plaintiff.  Under the FEHA, his conduct is strict liability on the employer.  The conduct of Defendants, and each of them, was directly harassing of Plaintiff, and contributed to a work place environment hostile to Plaintiff, based on Plaintiff's sex, in violation of California Government Code § 12940 et seq., inclduing§12940(h)(j).

55. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California's Fair Employment and Housing Act.

56. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California Fair Employment and Housing Act.

57. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

58. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
18

59. The above-described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

60. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

61. WHEREFORE, Plaintiff requests relief as hereafter provided.

### THIRD CAUSE OF ACTION
**Assault and Battery against All Defendants**
**(Violation of California Civil Code Section 1708.5)**

62. Plaintiff incorporates by reference the allegation set forth above and below.

63. Plaintiff complains against Defendants FPG and LOPEZ, and realleges all allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

64. The above conduct by Defendant LOPEZ is in violation of Civil Code section 1708.5, in that said Defendant acted with the intent to cause a harmful or offensive contact with an intimate part of Plaintiff, and a sexually offensive contact with Plaintiff directly occurred. Defendant LOPEZ' conduct also caused Plaintiff to suffer imminent apprehension of such contact occurring.  The conduct occurred during a work-related employment event.  But for the work-related event that alleged offensive conduct would not have occurred.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
19

65. As a further proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof at time of trial.

66. The above described acts of these Defendants' conduct, by and through, and/or authorized and ratified by their managing agents, officers or directors, were engaged in with a deliberate, cold,  callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

67. Defendants FPG had advance knowledge of Defendant LOPEZ' inappropriate sexual relationships with its young female employees.  Defendant FPG through and by, *inter alia*, Market Manager Joe Sharps and Vice President of Operations Ben Farnstrom, who were managing agents, had advanced knowledge of Defendant LOPEZ' unfitness as an employee, all to the detriment of Plaintiff and other female employees; thereby, within the meaning of Civil Code section 3294 for punitive damages.  Plaintiff requests an assessment of punitive damages against said Defendants, in an amount to be proven at time of trial.

68. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### RETALIATION
### (Against Defendants FPG)

69. Plaintiff incorporates by reference the allegations set forth above and below.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

70. At all times, Government Code Section 12926 et seq., including 12926(k)(4), was in full force and effect and binding upon Defendants. Government Code section12940(j) and (k) imposes a duty of an employer to promptly and thoroughly investigate any claim of harassment.  These sections provide that no employer shall retaliate against an employee because of opposing discrimination, harassment under these sections.  As a result of said opposition, Plaintiff was subjected to retaliation.  Plaintiff was intentionally lied to over the cell phone sex tape circulating within her work environment.  This amounted to retaliatory harassment. Additionally, as alleged hereinabove, Plaintiff was terminated in the form of constructive termination on about August 6, 2021.

71. Herein, Defendants FPG intentional misrepresentation of the facts to Plaintiff by Julie Judge.  This conduct on the part of FPG and its Director of Human Resources together with their attempts to force and intimidate Plaintiff into signing a declaration under penalty that nothing had transpired between her and LOPEZ constituted FEHA Retaliation.  Defendants FPG attempted to coerce and intimidate Plaintiff with threats of court actions to sign their "liability expunging" declaration, despite their advance knowledge from evidence that LOPEZ was showing a cell phone sex tape video of Plaintiff.  These misrepresentations made to Plaintiff violated Defendants obligations under section 12940(j) and (k).

72. As a result of Defendants failure to investigate and prevent harassment and discrimination, and the actual constructive termination and wrongful termination in violation of public policy, Defendants wrongfully retaliated against Plaintiff.

**THE VELEZ
LAW FIRM,PC**
**Attorneys at Law**
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
21

73. In engaging in the foregoing conduct, these Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of California Fair Employment and Housing Act.

74. As a direct and foreseeable result of the afore said acts of these said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgement interest.

75. As a result of the aforesaid acts of these Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial including special damages.

76. The above described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

77. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

WHEREFORE, Plaintiff requests relief as hereafter provided.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
22

**FIFTH CAUSE OF ACTION**
**FAILURE TO PREVENT SEXUAL HARASSMENT, RETALIATION,**
**DISCRIMINATION**
**(Against Defendants FPG)**

78. Plaintiff incorporates by reference the allegations set forth above and below.

79. Defendants, by permitting the sexual harassment/hostile work environment, retaliation and gender discrimination to occur, failed to take all reasonable steps necessary to prevent harassment, discrimination and retaliation from occurring in violation of Government Code §12940(k) and all applicable regulations under the California Code of Regulations. Plaintiff was injured and damaged as alleged above as a direct and legal result of Defendants' conduct.

80. At all times mentioned in this complaint, Government Code sections 12940 et seq., including 12940(j)&(k) was in full force in effect, and binding on Defendants FPG.  This section requires said Defendants to take all reasonable steps necessary to prevent harassment, discrimination, retaliation from occurring.

81. As a proximate result of these Defendants actions and failure to act, Plaintiff  has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish.

82. The above described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294.  Plaintiff

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
23

requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

83. Defendants FPG had advance knowledge of Defendant LOPEZ' inappropriate sexual relationships with its young female employees.  Market Manager Joe Sharps and Vice President of Operations Ben Farnstrom, who was a managing agent, had advanced knowledge of Defendant LOPEZ' unfitness as an employee, all to the detriment and oppression of Plaintiff and other female employees; thereby, within the meaning of Civil Code section 3294.  Plaintiff requests an assessment of punitive damages against said Defendants, in an amount to be proven at time of trial.

84. Plaintiff will also seek and is entitled to recover attorney's fees in connection with this cause of action under Government Code section 12940, et seq.

85. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION AND RETENTION OF EMPLOYEE
### (Against Defendants FPG)

86. Plaintiff incorporates by reference the allegations set forth above and below.

87. These Defendants knew, or reasonably should have known, that Plaintiff's supervisor was engaging in the unlawful behavior described above.

88. At all times material herein, these Defendants knew, or reasonably should have known, that the conduct, acts and failures to act of all supervisors, agents and employees as described hereinabove violated Plaintiff's rights under state statutes including Gov. Code section 12940 et. seq.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
24

89. At all times material herein, these Defendants knew, or reasonably should have known, that the incidents, conduct, acts and failures to act described hereinabove would and did proximately result in emotional distress and personal injury to Plaintiff.

90. At all times material herein, these Defendants knew, or reasonably should have known, that unless these Defendants intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts and failures to act of all supervisors, agents and employees as alleged hereinabove, said conduct, acts and failures to act would continue, thereby subjecting Plaintiff to personal injury, tortious injury and emotional distress.

91. These Defendants knew, or in the exercise of reasonable care should have known, that unless these Defendants intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize  the conduct, acts and failures to act as described herein, Defendant's failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

92. At all times material herein, these defendants had the power, ability, authority, and duty to intervene, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

93. Despite said knowledge, power, and duty, these defendants negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act or to otherwise protect Plaintiff.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

94.  As a direct and proximate result of the failure of Defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act of all supervisors, agents and employees as alleged hereinabove, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of encouraging, ratifying, condoning, exacerbating, increasing and/or worsening said conduct, acts, and failures to act.

95.  At all times material herein, the failure of defendant to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of all supervisors, agents and employees violated Plaintiff's rights under Government Code section 12940 et seq. and her right not to be battered.

96. These Defendants' actions, as set forth above, violated the fundamental policy set forth in Government Code sections 12940(a), (k), (m), and (n).

97. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer pain, suffering, and extreme and severe mental anguish and emotional distress.

98. The above-described acts of these Defendants, by and through, and/or authorized and ratified by, their managing agents, officers or directors, were engaged with deliberate, cold, callous, fraudulent and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and her rights.  Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code section 3294. Plaintiff requests an assessment of punitive damages against these Defendants, in an amount to be proven at the time of trial.

THE VELEZ
LAW FIRM, PC
Attorneys at Law
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
26

99. Plaintiff will also seek and is entitled to recovery of attorney's fees in connection with this cause of action under Government Code section 12940 et seq.

100.  WHEREFORE, Plaintiff requests relief as hereinafter provided.


**WHEREFORE**, Plaintiff prays for judgement against Defendants, and each of them, as follows:

1.  For general, special and consequential damages in an amount of excess of the jurisdictional limits of this Court, according to proof;

2.  For exemplary damages in an amount necessary to punish Defendants and to deter such conduct in the future, according to proof;

3.  For reasonable attorney's fees under the FEHA and under any applicable statute, costs and expenses of litigation, according to proof;

4.  For pre-judgment and post-judgment interest;

5.  For Injunctive relief to abate discrimination; including all reasonable attorney's fees under the holding of *Harris v. City of Santa Monica*, (2013) 56 Cal.4th 203;

6.  For economic damages;

7.  For non-economic damages;

8.  For such other and further relief as the Court may deem proper.

///

///

///

///

THE VELEZ
LAW FIRM, PC
**Attorneys at Law**
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
27

DATED: August 27, 2021                    THE VELEZ LAW FIRM, PC

                                          _____/s/Mark P. Velez_____
                                          By: Mark P. Velez, Esq.
                                             Natalya V. Grunwald, Esq.
                                             Attorneys for Plaintiff
                                             BRANDY OLMSTED

### JURY TRIAL DEMANDED

Plaintiff BRANDY OLMSTED hereby demands trial of all issues by jury.

DATED: August 27, 2021                    THE VELEZ LAW FIRM, PC

                                          _____/s/ Mark P. Velez_____
                                          By: Mark P. Velez, Esq.
                                             Natalya V. Grunwald, Esq.
                                             Attorneys for Plaintiff
                                             BRANDY OLMSTED

**THE VELEZ**
**LAW FIRM, PC**
**Attorneys at Law**
3010 Lava Ridge Court
Suite #180
Roseville, CA 95661

PLAINTIFF'S COMPLAINT FOR DAMAGES
28