Mark P. Velez (SBGN 163484)
Natalya Grunwald (SBN 265084)
THE VELEZ LAW FIRM, P.C.
3010 Lava Ridge Court, Suite 120
Roseville, CA  95661
Telephone:  (916) 774-2720
Facsimile:   (916) 74-2730
E-mail:  Velezlaw@live.com

Attorneys for Plaintiff
BRANDY OLMSTED

JACKSON LEWIS P.C.
CAROLYN G. BURNETTE (SBN 191294)
KAITLYN L. LAVARONI (SBN 313366)
ASHA J. LOPEZ (SBN 308051)
400 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:   (916) 341-0404
Facsimile:    (916) 341-0141
E-mail: *carolyn.burnette@jacksonlewis.com*
E-mail: *kaitlyn.lavaroni@jacksonlewis.com*
E-mail: *asha.lopez@jacksonlewis.com*

Attorneys for Defendant
FOUNDATION PARTNERS GROUP, LLC

Collin D. Cook (SBN 251606)
FISHER & PHILLIPS LLP
1 Montgomery Street, Suite 3400
San Francisco, CA  94101
Telephone: (415) 490-9000
Facsimile:  (415) 490-9001
E-mail:  ccook@fisherphillips.com

Attorneys for Defendant
ANDY LOPEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY OLMSTED, | CASE NO. 2:21-cv-01547-MCE-DMC |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** |
| vs. | |
| FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation; ANDY LOPEZ, An Individual, inclusive, | |
| Defendants. | |

1

Stipulation and [Proposed] Protective Order

## STIPULATION

BRANDY OLMSTED ("Plaintiff), FOUNDATION PARTNERS GROUP, LLC and ANDY LOPEZ ("Defendants") (collectively referred to herein as "the parties") will propound discovery and take depositions throughout the above-captioned matter ("Action"). The parties anticipate that certain responsive materials will contain private, confidential and/or proprietary information. This information may include, but is not limited to, personnel or other consumer records, financial information, medical/psychological/psychiatric records, business information, trade secrets, and other information not otherwise available to the public or between parties ("Protected Information").

To protect the confidentiality of this information, the parties stipulate as follows and request the Court issue a protective order containing the terms specified herein. A protective order is proper pursuant to Federal Rule of Civil Procedure 26(c) to protect the information and materials at issue.

### I.   USE OF CONFIDENTIAL INFORMATION AND MATERIALS IN DISCOVERY

**A.     Designated Material:**  Any information or materials obtained in this Action through discovery, whether by formal or informal means, including but not limited to documents, deposition testimony, transcripts and exhibits, interrogatory responses, responses to requests for admission, subpoenaed records and other written, recorded, electronic or graphic materials, may be designated as confidential, as provided herein, by the person or entity producing, submitting, filing or lodging it, or by any party to this Action (the "Designator"). A Designator may only designate information and material confidential when the Designator has a good faith belief that it contains Protected Information that is subject to protection by law. Information covered by this provision shall be referred to in this stipulation and order ("Stipulation") as "Designated Material." Designated Material shall be used only in connection with the litigation among the parties, except as otherwise specified in this Order. Should privileged material be produced inadvertently as Designated Material, it is agreed that such production shall not be deemed to be a waiver of any applicable privilege.

**B.     Access to Designated Material:** Except with the prior written consent of all parties to this Action or a prior Court order, parties may only disclose or produce copies of Designated Material to the following persons or entities:

(1)     parties to this Action and their officers, directors, and/or current employees;

(2)     persons previously employed by Foundation Partners Group, LLC as of the date the material at issue was created, and who had access to the material in the course and scope of their duties;

(3)     the parties' counsel in this Action, including in-house counsel and such counsel's legal associates, paralegals, secretaries, and office staff;

(4)     independent experts or consultants and their staffs who are retained to assist counsel in this Action, provided such experts or consultants shall, prior to any disclosure, execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A;

(5)     third parties retained by counsel in this Action for purposes of copying, computer coding or providing other document processing services;

(6)     court personnel in this Action, including court reporters and court officers, and subject to the terms set forth in section II of this Stipulation where applicable;

(7)     any witness shown the materials during a deposition in this Action, provided such witnesses shall, prior to any disclosure, execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A;

(8)     any witness (other than persons described in paragraph I.B.(7), provided they first execute a Certification to be bound by this Stipulation in the form attached hereto as Exhibit A; and,

(9)     any person who appears as an author, addressee or recipient on the face of the materials at issue.

In addition to the foregoing, defendant Foundation Partners Group, LLC may disclose materials it has designated as confidential (in the manner specified in section I.C below) to its customers, vendors, affiliates, agents, insurers, and persons or entities of any kind as needed for business or legal purposes.

**C.   Designating Discovery Documents and Materials:**

(1)   Designated Material disclosed in discovery must be marked "CONFIDENTIAL" by the Designator.  Where a document or response consists of more than one page, the first page and each page or the portion thereof on which confidential information appears shall be so marked.  If an entire document is confidential, the document may be designated by stamping the front page of the document "CONFIDENTIAL INFORMATION – ENTIRE DOCUMENT."

(2)   In the case of materials produced by a non-party, any party may obtain a written stipulation from all parties, or seek a protective order, to designate such materials confidential and subject to the terms of this Stipulation.

**D.   Designating Deposition Transcripts and Exhibits:**

(1)   Deposition transcripts or portions thereof may be designated as confidential either:

(a)   at the deposition itself and by request of any party, or

(b)   by captioned written notice to the reporter, and all counsel of record, given within 20 calendar days following notice from the reporter that the transcript is available for review.  When such notice is served, all noticed counsel shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as "CONFIDENTIAL."  Until the 20 calendar days provided for in this paragraph expire, the entire deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

(2)   Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

(3)   Where deposition testimony is expected to be designated confidential, the Designator may exclude from the deposition all persons other than parties and those to whom the Designated Material may be disclosed under paragraph I.B of this Stipulation.

///

  **E.**  **Copies of Designated Material:** Copies of Designated Material may only be made by or for persons and entities identified in paragraph I.B, provided all copies are appropriately marked "CONFIDENTIAL."

**II.**  **USE OF CONFIDENTIAL INFORMATION AND MATERIALS IN COURT**

  **A.**  **Procedures for Submitting Records to the Court:**

  (1) Before lodging and/or filing any Designated Material or offering it for admission as evidence (including at trial), a non-Designator shall meet and confer with the Designator on whether the Designator will waive confidentiality and stipulate that the Designated Material may be lodged or filed. To the extent the Designator does not waive confidentiality, the non-Designator shall submit the Designated Material in a manner compliant with Eastern District Local Rule 141. Nothing herein is intended to preclude a Designator or non-lodging and/or filing party from filing a motion to seal at its/his/her discretion. Nothing herein: (a) shall preclude a Designator from lodging and/or filing any material it designated, or from offering such material for admission as evidence (including at trial) without limitation or restriction of any kind and as permitted by law; and (b) doing so, shall not constitute a breach of this Stipulation or waiver as to the use of any other Designated Material.

  (2) The Court's denial of a request to seal shall not bar use of the Designated Material or the offering of it for admission as evidence in connection with any motion, proceeding or trial in this matter. Using or offering as evidence any Designated Material the Court has refused to seal shall not constitute a breach of this Stipulation.

  (3) Notwithstanding paragraph II.A(1) above, upon written stipulation of all parties, a non-Designator may lodge and/or file and/or offer Designated Material for admission as evidence without a seal in connection with any motion, proceeding or trial in this matter. Using or offering Designated Material in evidence without a seal and by written stipulation shall not constitute a breach of this Stipulation.

///

///

## III.   MISCELLANEOUS PROVISIONS

**A.   Subpoenas for Designated Material:** If any person or entity subject to this Stipulation receives a subpoena for production of Designated Material, such person or entity shall promptly notify all counsel in this Action. Upon receipt of such notice, the Designator may object in writing. The person or entity receiving the subpoena shall not produce any Designated Material in response to the subpoena: (1) without the prior written consent of the Designator; (2) while a motion for protective order is pending; or (3) until the last day allowed for production where no motion for protective order is filed.

**B.   Objections:** A party may challenge the propriety of any designation under this Stipulation within 30 calendar days of the designation. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the Designated Material at issue, state the basis for each challenge and propose a new designation for each item. The parties shall have seven calendar days after service of an objection to meet and confer and attempt resolution of the challenged designation ("Meet and Confer Period"). The material at issue shall be deemed re-designated as proposed by the challenging party unless, within 10 court days after expiration of the Meet and Confer Period, the Designator has filed and served a motion for a protective order to maintain the original designation, or to establish other confidentiality protections.

Notwithstanding any challenge to the designation of material as confidential, all documents shall be treated as such and shall be subject to the provisions of this Stipulation unless and until one of the following occurs:

(1)   the party or non-party who claims the material is confidential withdraws such designation in writing; or

(2)   the party or non-party who claims the material is confidential fails to timely apply to the Court for an order designating it as such as provided in this paragraph above; or

(3)   the Court rules the material is not confidential.

///

///

**C.     No Prejudice:**

(1)     Nothing in this Stipulation shall preclude any party from seeking and obtaining additional or different protection permitted by law with respect to the confidentiality of any information or material.

(2)     This Stipulation shall not diminish any existing obligation or right with respect to Designated Material.

(3)     The parties shall make best efforts to assert any claims of confidentiality prior to, or at the time when, responsive discovery is disclosed.  The production of materials by any party shall be without prejudice to any claim by the producing party that such material should have been designated as confidential.

(4)     A party may assert a claim of confidentiality in writing and with particularity within a reasonable time after learning of an inadvertent or mistaken disclosure.  The materials at issue shall then be treated as if the claim were made prior to disclosure.  If within a reasonable time after documents are inadvertently or mistakenly disclosed the producing party asserts a claim that such documents are confidential, the receiving parties shall take prompt steps to ensure all known copies of the documents are promptly returned to the producing party for designation.  After designation, the producing party shall promptly return copies to each of the receiving parties.  The receiving parties may thereafter contest the claim of confidentiality as set forth herein.

**D.     Final Disposition:** Upon final termination of this Action, and at the written request of the Designator, all Designated Material and all copies thereof shall, within 30 days of such request be: (1) returned to counsel for the party or non-party that produced the material; or (2) destroyed.  Notwithstanding this paragraph, counsel for the parties may retain pleadings, correspondence, attorney and consultant work product, and deposition transcripts and exhibits for archival purposes.

///

///

///

**E.     Improper Disclosure:**

(1)     The parties and their counsel are required to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation.  If Designated Material submitted in accordance with the terms of this Stipulation is disclosed to any person or entity other than in the manner authorized by the terms herein, the party and/or person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all uninvolved parties and, without prejudice to any other rights under this Stipulation, make every effort to prevent further disclosures by the persons or entities to whom the information was disclosed.

(2)     The parties agree that the unauthorized disclosure of Designated Material may cause irreparable injury to the non-breaching party.  Therefore, in the event of any breach or threatened breach of the provisions herein, the non-breaching party shall be entitled to seek immediate injunctive relief by way of *ex parte* hearing or as otherwise allowed by law or equity.  The decision by a non-breaching party to seek such injunctive relief will be without prejudice to any other rights or remedies, legal or equitable, which the non-breaching party might have in the event of such a breach or threatened breach.  A non-breaching party seeking or obtaining relief under this provision shall not constitute a waiver or release of any other rights or remedies available to such party.

**F.     Survival:** The binding effect of this Stipulation shall survive termination of this Action, and the Court shall retain jurisdiction to enforce the Stipulation.  The terms of this Stipulation and Proposed Protective Order shall be binding upon the parties once signed by the Court.

Date: July 25, 2022                              THE VELEZ LAW FIRM, PC


                                                 By:  */s/ Mark P. Velez [as authorized on 7/25/22]*
                                                        Mark P. Velez

                                                 Attorneys for Plaintiff
                                                 BRANDY OLMSTED

Dated: July 26, 2022                                            JACKSON LEWIS P.C.


By:  /s/ Asha J. Lopez
       Asha J. Lopez

Attorneys for Defendant
FOUNDATION PARTNERS GROUP, LLC

Dated: July 25, 2022                                            FISHER & PHILLIPS LLP


By:  /s/ Collin D. Cook [as authorized on 7/25/22]
       Collin D. Cook

Attorneys for Defendant
ANDY LOPEZ

## **PROTECTIVE ORDER**

The terms of this Stipulation and Protective Order are hereby approved and adopted.

**IT IS SO ORDERED.**

Dated:  August 3, 2022

_____
DENNIS            M.            COTA
UNITED STATES MAGISTRATE JUDGE

```
 1  Mark P. Velez (SBGN 163484)
    Natalya Grunwald (SBN 265084)
 2  THE VELEZ LAW FIRM, P.C.
    3010 Lava Ridge Court, Suite 120
 3  Roseville, CA  95661
    Telephone:  (916) 774-2720
 4  Facsimile:   (916) 774-2730
    E-mail:  Velezlaw@live.com
 5
    Attorneys for Plaintiff
 6  BRANDY OLMSTED

 7  JACKSON LEWIS P.C.
    CAROLYN G. BURNETTE (SBN 191294)
 8  KAITLYN L. LAVARONI (SBN 313366)
    ASHA J. LOPEZ (SBN 308051)
 9  400 Capitol Mall, Suite 1600
    Sacramento, CA  95814
10  Telephone:  (916) 341-0404
    Facsimile:    (916) 341-0141
11  E-mail: *carolyn.burnette@jacksonlewis.com*
    E-mail: *kaitlyn.lavaroni@jacksonlewis.com*
12  E-mail: *asha.lopez@jacksonlewis.com*

13  Attorneys for Defendant
    FOUNDATION PARTNERS GROUP, LLC
14
    Collin D. Cook (SBN 251606)
15  FISHER & PHILLIPS LLP
    1 Montgomery Street, Suite 3400
16  San Francisco, CA  94101
    Telephone: (415) 490-9000
17  Facsimile:  (415) 490-9001
    E-mail: ccook@fisherphillips.com
18
    Attorneys for Defendant
19  ANDY LOPEZ
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDY OLMSTED, | CASE NO. 2:21-cv-01547-MCE-DMC |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER** – **EXHIBIT A** |
| vs. | |
| FOUNDATION PARTNERS GROUP, LLC, A Delaware Corporation; ANDY LOPEZ, An Individual, inclusive, | |
| Defendants. | |

1

**STIPULATION AND PROTECTIVE ORDER – EXHIBIT A**

1.   My name is _____. My current work or home (circle one) address is _____.

2.   I have received and read a copy of the Stipulation and Protective Order ("Order") entered in this action.  I understand the provisions of the Order and agree to comply with and be bound by its provisions.  I submit to the jurisdiction of this Court for purposes of enforcing any of the terms of the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 20___, at _____,
                                                                                  (City)
_____.
      (State)

_____
             (Signature)